IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FRANK COOPER,                              )
                                           )
    Plaintiff,                             )
                                           )
v.                                         )          No. 1:17-cv-01138-JDB-cgc
                                           )
JASON WOODALL, *et al.*,                   )
                                           )
    Defendants.                            )

_____

ORDER PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT
PROCESS BE ISSUED AND SERVED ON THE REMAINING DEFENDANTS

_____

INTRODUCTION AND BACKGROUND

This pro se prisoner action, brought pursuant to 42 U.S.C. § 1983, was filed on June 29,

2017, in the United States District Court for the Middle District of Tennessee by the Plaintiff,

Frank Cooper, who at the time of filing was an inmate at Riverbend Maximum Security Institution

("RMSI") in Nashville, Tennessee.  (Docket Entry ("D.E.") 1.)  On July 20, 2017, District Judge

Aleta A. Trauger granted Cooper leave to proceed *in forma pauperis*; assessed the civil filing fee

in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b) (the "PLRA"); and

transferred the matter to this Court.[1]  (D.E. 3.)  The Clerk of Court shall record the Defendants as

Tennessee Department of Correction ("TDOC") Deputy Commissioner of Operations Jason

_____

[1]The case was originally assigned to District Judge James D. Todd.  (D.E. 4-3.)  On
February 28, 2018, it was reassigned to the undersigned pursuant to Administrative Order 2018-
09.  (D.E. 8.)

Woodall; Whiteville Correctional Facility ("WCF") Warden Tammy Ford[2]; Health Services Administrator Misti Risner; Nurse Autumn Sansing; Nurse First Name Unknown ("FNU") Davis; Nurse FNU White; Nurse FNU Carlton; Registered Nurse Ima Ralovn; Lieutenant FNU Roberts, a shift commander; Corrections Officer FNU Walton; and Corrections Officer FNU Jones. The Defendants are sued in their individual and official capacities.

The Plaintiff alleges that, on June 15, 2016, during his previous incarceration at WCF, located in Whiteville, Tennessee, he was severely beaten.[3] He requested medical attention, which was delayed for several hours. When he finally arrived at the facility's medical clinic, he advised nurses that he suffered severe pain in his chest, ribs, abdomen, and head. Cooper avers that he was neither examined by a physician nor administered pain medications. The inmate was transferred from the clinic to the segregation unit, where he continued to have severe pain, spat up blood, experienced difficulty breathing, and was unable to sleep. On June 25 and 27, 2016, while still in segregation, he signed up for sick call. He was seen by Jones, Sansing, Davis, and White and was advised he had only some bruised ribs. His request for an examination by a doctor was denied. Cooper brought his concerns relative to his medical treatment to Risner, Carlton, Ralovn, and Ford and, on July 6, 2016, filed an inmate grievance, which was denied. In the complaint, Plaintiff seeks damages and an injunction to receive treatment for his injuries, including an examination by a doctor not associated with TDOC.

---

[2]Ford is no longer warden of WCF. The current holder of that position is Arvil Chapman. *See* https://www.tn.gov/correction/sp/state-prison-list/whiteville-correctional-facility.html.

[3]It is unclear from the complaint whether the beating took place at the hands of a corrections officer or another inmate.

SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's well-pleaded factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the Federal Rules of Civil Procedure nevertheless require factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief," *Twombly*, 550 U.S. at 555 n.3.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at

383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  Pro se litigants,

however, are not exempt from the requirements of the Federal Rules of Civil Procedure.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F.

App'x 608, 612-13 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to

comply with "unique pleading requirements" and stating "a court cannot 'create a claim

which [a plaintiff] has not spelled out in his pleading.'").

PLAINTIFF'S ALLEGATIONS AND ANALYSIS

*Section 1983 Generally.*

      As noted in the introductory paragraph, the inmate filed his complaint pursuant to

§ 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for
> redress . . . .

To state a claim under the statute, a plaintiff must allege two elements:  (1) "the defendant

acted under color of state law"; and (2) "the defendant's conduct deprived the plaintiff of

rights secured under federal law." *King v. United States*, 917 F.3d 409, 432 (6th Cir. 2019).

*Statute of Limitations.*

      The Court must first, however, address the timeliness of Cooper's complaint.  In

claims brought under § 1983, courts are to apply "the statute of limitations for personal-

injury tort actions in the state where the cause of action originated." *Hall v. Spencer Cty.,

Ky.*, 583 F.3d 930, 933 (6th Cir. 2009).  The limitations period for § 1983 actions arising

in Tennessee is the one-year limitations provision found in Tennessee Code Annotated § 28-3-104(a)(1). *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005).

Plaintiff asserts claims with respect to two discreet events, the first of which occurred on June 15, 2016, and the second on June 25 or 27, 2016. To be timely, each incident must independently fall within the one-year statutory period. *See Powell v. Woodard*, No. 1:17-cv-01110-JDB-cgc, 2018 WL 5260048, at *2 n.4 (W.D. Tenn. Oct. 22, 2018).

As a pro se prisoner, Plaintiff receives the benefit of the "prison mailbox rule," under which the complaint "is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The complaint is considered "handed over" on the date the prisoner plaintiff signed it, unless there is contrary evidence of a different handed-over date. *Id.*

The inmate signed the complaint on May 29, 2017. (*See* D.E. 1 at PageID 18.) If that were the only date to consider, the pleading would be timely. However, the envelope in which he mailed the document to the Court bears a date stamp reflecting it was received by the RMSI mailroom as outgoing legal mail on June 23, 2017. (*See* D.E. 1-1 at PageID 19.) This contrary evidence of a handed-over date after the date the complaint was signed indicates that claims relating to the June 15, 2016, incident are untimely.

"[T]he burden lies with the petitioner to prove that he is entitled to benefit from the prison mailbox rule." *Marchbanks v. United States*, Case No. 3:17-cv-01402, 2018 WL 6171422, at *3 (M.D. Tenn. Nov. 26, 2018) (citing *United States v. Smotherman*, 838 F.3d

736, 738-39 (6th Cir. 2016)), *appeal docketed*, No. 18-6345 (6th Cir. Dec. 27, 2018).

Plaintiff has not offered any explanation for the conflicting dates.

The contrary evidence of the RMSI mailroom stamp provides to the Court sufficient evidence to believe Cooper's § 1983 complaint was not handed over to prison officials on May 29, 2017, when he signed the pleading, but rather nearly a month later, on June 23, 2017, when it was received in the prison mailroom. Thus, Plaintiff's claims relating to the events on June 15, 2016, are untimely and are DISMISSED on that basis. His remaining allegations will be addressed with respect only to the events occurring on June 25 or 27, 2016.

*Official Capacity Claims.*

Cooper's official capacity claims against the Defendants are actually claims against their employer, TDOC. *See Hopper v. Phil Plummer*, 887 F.3d 744, 760 n.4 (6th Cir.) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent."), *cert. denied*, 139 S. Ct. 567 (2018). TDOC "and the prisons under its control are agencies of the state of Tennessee and are entitled to . . . immunity from suit for damages" under the Eleventh Amendment, *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (per curiam) (internal citations omitted), which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," U.S. Const. amend. XI. The amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub.*

*Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's official capacity claims are therefore DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

*Defendant Carlton.*

Cooper's sole allegation against Carlton is that this Defendant "was informed" about his request to see a doctor on June 25 or 27. (D.E. 1 at PageID 9.) He does not allege that Carlton personally denied his request or contributed to his allegedly unconstitutional treatment. When a complaint fails to allege any action by a defendant, it necessarily fails to state a claim for relief that is plausible on its face. *See Garcia v. Lorain Cty. Court of Common Pleas,* Case No. 1:18-cv-00944, 2019 WL 1755649, at *5 (N.D. Ohio Apr. 19, 2019); *see also Twombly*, 550 U.S. at 570. Because Plaintiff fails to allege any specific action by Carlton, his claims against this Defendant are DISMISSED.[4]

---

[4]Cooper also mentions Correctional Officer Anthony Soares in one instance in his complaint but fails to allege any action taken by him. (D.E. 1 at PageID 15.) To the extent Plaintiff intended to assert a claim against that individual, the claim is DISMISSED.

*Defendants Woodall, Ford, Risner, Ralovn, and Roberts.*

Cooper does not claim that these Defendants personally harmed him, but contends only that they are responsible in some way for all staff members and, therefore, are liable for the actions of the nurses and employees who failed to treat him properly. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Gardner v. Evans*, ___ F.3d ___, 2019 WL 1487308, at *7 (6th Cir. 2019) (same). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Specifically, the plaintiff must demonstrate "how each defendant directly participated in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Gardner*, 2019 WL 1487308, at *7 (quoting *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013)) (internal quotation marks omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates but fails to act generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Furthermore, a failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not

cause or contribute to the [constitutional] violation."). The prisoner's averments against these Defendants consist exclusively of claims for supervisory liability and therefore fail to state a claim on which relief may be granted. They are hereby DISMISSED.

*Defendants Walton, Jones, Sansing, Davis, and White.*

The inmate's allegations against these Defendants amount to claims for deliberate indifference, which arise under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim is composed of both objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1094 (6th Cir. 2019), *reh'g en banc denied* (Mar. 21, 2019). To satisfy the objective component, a prisoner "must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The subjective aspect of an Eighth Amendment violation requires an inmate to demonstrate that the official acted with the requisite intent, that is, that he or she had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Accordingly, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

Cooper fails to state a claim for deliberate indifference against corrections officers Walton and Jones. His allegation against Walton relates solely to the June 15, 2016, incident and is therefore untimely. Plaintiff contends only that Jones was one of the employees who saw him on June 25 or 27, 2016. He does not assert that this Defendant

9

directed the nurses not to treat him or otherwise participated in any medical determinations. Without specific allegations, it cannot be said that Jones was deliberately indifferent to Plaintiff's serious medical needs.

His claims against nurses Sensing, Davis, and White, however, sufficiently allege they were aware of his physical pain on June 25 or 27, 2016, yet failed to allow him to be examined by a physician or, perhaps more importantly, administer medication or treatment for his pain. Plaintiff asserts that, as a result, he had difficulty breathing, was spitting up blood, could not sleep, and continued to suffer significant pain. Despite these symptoms, he claims, these Defendants dismissed his condition as mere bruised ribs and sent him on his way. These allegations sufficiently state a claim against these Defendants for deliberate indifference.

CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's official capacity claims against all the Defendants, as well as his individual capacity claims against Woodall, Ford, Risner, Carlton, Ralovn, Roberts, Walton, and Jones, for failure to state a claim on which relief can be granted and for seeking monetary relief from defendants who are immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). His individual capacity claims against Sansing, Davis, and White will be permitted to proceed.

It is ORDERED that the Clerk of Court shall issue process for Defendants Sansing, Davis, and White and deliver that process to the United States Marshal for service. Service shall be made on these Defendants in accordance with Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail, or

personally if mail service is not effective.  All costs of service shall by advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every subsequent document he files in this cause on counsel for the Defendants, affix a certificate of service to each document filed, and familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[5]

He shall promptly notify the Clerk of Court of any change of address or extended absence.  Failure to comply with these requirements or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED this 24th day of April 2019.


      s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[5]A copy of the local rules of this district may be obtained from the Clerk of Court or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.